**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
<u>  Alexandria  </u> Division

**CHAPTER 13 PLAN**
**AND RELATED MOTIONS**

Name of Debtor(s): John Paul Pelaez                Case No: 25-10671

This Plan, dated <u> 4/28/2025 </u>, is:

    ☑    the *first* Chapter 13 Plan filed in this case.

    ☐    a modified Plan that replaces the
           ☐ confirmed or ☐ unconfirmed Plan dated _____

        Date and Time of <u>Modified Plan</u> Confirmation Hearing:
        _____

        Place of <u>Modified Plan</u> Confirmation Hearing:
        _____

        The Plan provisions modified by this filing are:

        Creditors affected by this modification are:

1. **Notices**

**To Creditors:**
**Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.**

1

**The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.**

**In addition, you may need to timely file a proof of claim in order to be paid under any plan.**

**The following matters may be of particular importance.**

**Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| A. | A limit on the amount of a secured claim, set out in Section 4.A which may result in a partial payment or no payment at all to the secured creditor | Included | Not included x |
|---|---|---|---|
| B. | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 8.A | Included | Not included x |
| C. | Nonstandard provisions, set out in Part 12 | Included | Not included x |

2. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $ 1050 per  month  for  60  months. Other payments to the Trustee are as follows: _____. The total amount to be paid into the Plan is $ $63,000 .

3. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

    A. **Administrative Claims under 11 U.S.C. § 1326.**

    1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10% of all sums received under the plan.

    2. Check one box:

        ☒ Debtor(s)' attorney has chosen to be compensated pursuant to the "no-look" fee under Local Bankruptcy Rule 2016-1(C)(1)(a) and (C)(3)(a) and will be paid $ 6563 , balance due of the total fee of $ 6750 concurrently with or prior to the payments to remaining creditors.

        ☐ Debtor(s)' attorney has chosen to be compensated pursuant to Local Bankruptcy Rule 2016-1(C)(1)(c)(ii) and must submit applications for compensation as set forth in the Local Rules.

    B.    **Claims under 11 U.S.C. § 507.**

The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid pursuant to 3.C below:

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| n/a | | | |

    C.    **Claims under 11 U.S.C. § 507(a)(1)**

The following priority creditors will be paid prior to other priority creditors but concurrently with administrative claims above.

| Creditor | Type of Priority | Estimated Claim | Payment and Term |
|---|---|---|---|
| n/a | | | |

4.    **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

    A.    **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt.  **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 4(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 5 of the Plan.**  The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| n/a | | | | |

**B.     Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay under §§ 362(a) and 1301(a) as to the interest of the debtor(s), any co-debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|

n/a

**C.     Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 4(D) and/or 7(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Honda Finance | Leased Honda Pilot | $445 | Debtor |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section 7(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

**D.     Payment of Secured Claims on Property Being Retained (except those loans provided for in section 6 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation specified in sub-section A and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|

n/a

**E.     Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' principal residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 6 of the Plan.

4

5. **Unsecured Claims.**

   A. **Not separately classified**. Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately __0.4__%. The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately __0__%.

   B. **Separately classified unsecured claims**.

   | Creditor | Basis for Classification | Treatment |
   |---|---|---|
   | n/a | | |

6. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Principal Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement. A default on the regular contract payments on the debtor(s) principal residence is a default under the terms of the plan.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | US Bank | Residence | $4625.58 | $47,945.63 | 0.00 | Mos. 9-60 | As funds available |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
   |---|---|---|---|---|---|
   | n/a | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan**. Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

5

| Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
|---|---|---|---|---|

n/a

**7.** **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts, leases and/or timeshare agreements listed below.

    **A.** **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

| Creditor | Type of Contract |
|---|---|

n/a

    **B.** **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

| Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
|---|---|---|---|---|
| Honda Finance | Car Lease | $2006.39 | $668.80 or as available | mos. 7-9 |

**8.** **Liens Which Debtor(s) Seek to Avoid.**

    **A.** **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

| Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
|---|---|---|---|---|

n/a

    **B.** **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate adversary proceedings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

| Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
|---|---|---|---|

n/a

9. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive any payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.
   - If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.
   - Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in the plan.

10. **Vesting of Property of the Estate. Property of the estate will vest in the debtor(s) upon:**

    *Check the applicable box:*

    ☐     plan confirmation.

    ✓     entry of discharge.

    ☐     other:_____

    Notwithstanding such vesting, the debtor(s) shall give notice and obtain prior court approval of the transfer or sale of real or personal property with a value that exceeds $15,000, the refinance or modification of a loan secured by real or personal property, and the encumbrance of real or personal property.

    Note: If no box is checked or if more than one box is checked, then property of the estate will vest in the debtor(s) upon plan confirmation.

11. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $15,000 principal amount during the term of this Plan, whether unsecured or secured, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

12. **Nonstandard Plan Provisions**

    ✓ **None. If "None" is checked, the rest of Part 12 need not be completed or reproduced.**

    **Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.**

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.C.**

_____

_____

_____

_____

7

**Dated:** 4/28/2025

/s/ John Paul Pelaez    /s/ Daniel M Press
**Debtor 1 (Required)**    **Debtor(s)' Attorney**

_____
**Debtor 2 (Required)**

By filing this document, the Attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Local Form Plan, other than any nonstandard provisions included in Part 12.

**Exhibits:** Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan

Certificate of Service

I certify that on 4/28/25_____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

/s/ Daniel M Press
Signature

6718 Whittier Ave. #200

McLean VA 22101
Address

703-734-3800
Telephone No:

CERTIFICATE OF SERVICE PURSUANT TO RULE 7004

I hereby certify that on n/a_____ true copies of the forgoing Chapter 13 Plan and Related Motions were served upon the following creditor(s):

( ) by first class mail in conformity with the requirements of Rule 7004(b), Fed.R.Bankr.P.; or

( ) by certified mail in conformity with the requirements of Rule 7004(h), Fed.R.Bankr.P.

_____
Signature of attorney for debtor(s)

[ver. 01/25]

**Fill in this information to identify your case:**

Debtor 1: John Paul Pelaez

Debtor 2 (Spouse, if filing): 

United States Bankruptcy Court for the: Eastern District of Virginia

Case number (If known): 25-10671

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 income as of the following date: _____ MM / DD / YYYY

Official Form 106I

# Schedule I: Your Income    12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Employment

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | ☑ Employed<br>☐ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | Finance and Insurance Manager | |
| Employer's name | Safford Brown Hyundai Manassas | |
| Employer's address | 8651 Centreville Rd<br>Number  Street<br><br>Manassas, VA 20110<br>City    State    ZIP Code | Number  Street<br><br>City    State    ZIP Code |
| How long employed there? | started post-petition | |

## Part 2: Give Details About Monthly Income

**Estimate monthly income as of the date you file this form.** If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| 2. **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 9,800.00 | $_____ |
| 3. **Estimate and list monthly overtime pay.** | + $ 0.00 | + $_____ |
| 4. **Calculate gross income.** Add line 2 + line 3. | $ 9,800.00 | $_____ |

Debtor 1  John Paul Pelaez
_____
First Name   Middle Name   Last Name

Case number (if known) 25-10671

|  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here ............ → 4. | $ 9,800.00 | $ _____ |

5. **List all payroll deductions:**

| | | | |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 2,170.00 | $ _____ |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ _____ |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ _____ |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ _____ |
| 5e. Insurance | 5e. | $ 0.00 | $ _____ |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ _____ |
| 5g. Union dues | 5g. | $ 0.00 | $ _____ |
| 5h. Other deductions. Specify: _____ | 5h. | + $ 0.00 | + $ _____ |
| | | $ _____ | $ _____ |
| | | $ _____ | $ _____ |
| | | $ _____ | $ _____ |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g + 5h.   6.   $ 2,170.00     $ _____

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 7,630.00     $ _____

8. **List all other income regularly received:**

   8a. **Net income from rental property and from operating a business, profession, or farm**
   Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.   $ 0.00     $ _____

   8b. **Interest and dividends**   8b.   $ 0.00     $ _____

   8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
   Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.   $ 0.00     $ _____

   8d. **Unemployment compensation**   8d.   $ 0.00     $ _____

   8e. **Social Security**   8e.   $ 0.00     $ _____

   8f. **Other government assistance that you regularly receive**
   Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
   Specify: _____   8f.   $ 0.00     $ _____

   8g. **Pension or retirement income**   8g.   $ 0.00     $ _____

   8h. **Other monthly income.** Specify: Pro-rated tax refunds (estimated)   8h.   + $ 500.00     + $ _____

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $ 500.00     $ _____

10. **Calculate monthly income.** Add line 7 + line 9.
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ 8,130.00   +   $ _____   =   $ 8,130.00

11. **State all other regular contributions to the expenses that you list in** *Schedule J.*
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*
    Specify: _____   11.   + $ _____

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Your Assets and Liabilities and Certain Statistical Information,* if it applies   12.   $ 8,130.00
    **Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
    ☑ No.
    ☐ Yes. Explain: 

Official Form 106I    Schedule I: Your Income    page 2

**Fill in this information to identify your case:**

Debtor 1: John Paul Pelaez (First Name / Middle Name / Last Name)

Debtor 2 (Spouse, if filing): _____ (First Name / Middle Name / Last Name)

United States Bankruptcy Court for the: Eastern District of Virginia (State)

Case number (If known): 25-10671

Check if this is:
☐ An amended filing
☐ A supplement showing postpetition chapter 13 expenses as of the following date:
_____ MM / DD / YYYY

Official Form 106J

# Schedule J: Your Expenses                                      12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

## Part 1: Describe Your Household

1. **Is this a joint case?**
   ☑ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
      ☐ No
      ☐ Yes. Debtor 2 must file Official Form 106J-2, *Expenses for Separate Household of Debtor 2*.

2. **Do you have dependents?**
   Do not list Debtor 1 and Debtor 2.
   Do not state the dependents' names.
   ☐ No
   ☑ Yes. Fill out this information for each dependent..........

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Daughter | 2 | ☑ No  ☐ Yes |
   | Daughter | 4 | ☑ No  ☐ Yes |
   | Daughter | 10 mos | ☑ No  ☐ Yes |
   | _____ | ___ | ☐ No  ☐ Yes |
   | _____ | ___ | ☐ No  ☐ Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   ☑ No
   ☐ Yes

## Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I).

**Your expenses**

4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.    4. $ 4,625.58

   **If not included in line 4:**
   4a. Real estate taxes    4a. $ 0.00
   4b. Property, homeowner's, or renter's insurance    4b. $ 0.00
   4c. Home maintenance, repair, and upkeep expenses    4c. $ 50.00
   4d. Homeowner's association or condominium dues    4d. $ 280.00

Official Form 106J                    Schedule J: Your Expenses                    page 1

| Debtor 1 | John Paul Pelaez | | Case number *(if known)* 25-10671 |
|---|---|---|---|
| | First Name    Middle Name    Last Name | | |

**Your expenses**

5. **Additional mortgage payments for your residence**, such as home equity loans      5.  $ 0.00

6. **Utilities:**
   - 6a. Electricity, heat, natural gas      6a.  $ 190.00
   - 6b. Water, sewer, garbage collection      6b.  $ 0.00
   - 6c. Telephone, cell phone, Internet, satellite, and cable services      6c.  $ 200.00
   - 6d. Other. Specify: _____      6d.  $ 0.00

7. **Food and housekeeping supplies**      7.  $ 400.00

8. **Childcare and children's education costs**      8.  $ 0.00

9. **Clothing, laundry, and dry cleaning**      9.  $ 25.00

10. **Personal care products and services**      10.  $ 0.00

11. **Medical and dental expenses**      11.  $ 0.00

12. **Transportation.** Include gas, maintenance, bus or train fare.
    Do not include car payments.      12.  $ 50.00

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**      13.  $ 0.00

14. **Charitable contributions and religious donations**      14.  $ 0.00

15. **Insurance.**
    Do not include insurance deducted from your pay or included in lines 4 or 20.
    - 15a. Life insurance      15a.  $ 0.00
    - 15b. Health insurance      15b.  $ 0.00
    - 15c. Vehicle insurance      15c.  $ 240.00
    - 15d. Other insurance. Specify:_____      15d.  $ 0.00

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
    Specify: Car Tax      16.  $ 75.00

17. **Installment or lease payments:**
    - 17a. Car payments for Vehicle 1      17a.  $ 445.00
    - 17b. Car payments for Vehicle 2      17b.  $ 0.00
    - 17c. Other. Specify:_____      17c.  $ 0.00
    - 17d. Other. Specify:_____      17d.  $ 0.00

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).**      18.  $ 500.00

19. **Other payments you make to support others who do not live with you.**
    Specify:_____      19.  $ 0.00

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income*.**
    - 20a. Mortgages on other property      20a.  $ 0.00
    - 20b. Real estate taxes      20b.  $ 0.00
    - 20c. Property, homeowner's, or renter's insurance      20c.  $ 0.00
    - 20d. Maintenance, repair, and upkeep expenses      20d.  $ 0.00
    - 20e. Homeowner's association or condominium dues      20e.  $ 0.00

Debtor 1   John Paul Pelaez
             First Name   Middle Name   Last Name

Case number (if known) 25-10671

21. **Other**. Specify:_____   21. +$_____0.00
_____        +$_____
_____        +$_____

22. **Calculate your monthly expenses.**

    22a. Add lines 4 through 21.                                                     22a.  $_____7,080.58

    22b. Copy line 22 (monthly expenses for Debtor 2), if any, from Official Form 106J-2 22c. Add line 22a   22b.  $_____

    and 22b. The result is your monthly expenses.                                    22c.  $_____7,080.58

23. **Calculate your monthly net income.**

    23a.  Copy line 12 (*your combined monthly income*) from *Schedule I*.           23a.  $_____8,130.00

    23b.  Copy your monthly expenses from line 22c above.                            23b. −$_____7,080.58

    23c.  Subtract your monthly expenses from your monthly income.
          The result is your *monthly net income*.                                   23c.  $_____1,049.42

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    ☑ No.
    ☐ Yes.   Explain here:

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0422-1<br>Case 25-10671-KHK<br>Eastern District of Virginia<br>Alexandria<br>Mon Apr 28 10:40:00 EDT 2025 | United States Bankruptcy Court<br>200 South Washington Street<br>Alexandria, VA 22314-5405 | ACI<br>PO Box 8525<br>Coral Springs, FL 33075-8525 |
| American Honda Finance Corp<br>P.O. Box 166649<br>Irving, TX 75016-6649 | (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 | BWW Law Group<br>8100 Three Chopt Rd<br>Ste 240<br>Richmond, VA 23229-4833 |
| Bank of America<br>PO Box 15284<br>Wilmington, DE 19850-5284 | Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 | Citibank NA<br>PO Box 6500<br>Sioux Falls, SD 57117-6500 |
| Credit Collecton Serv<br>725 Canton St<br>Norwood, MA 02062-2679 | DRBA<br>PO Box 4971<br>Trenton, NJ 08650-4971 | Discover<br>PO Box 30916<br>Salt Lake City, UT 84130-0916 |
| Dulles Toll Rd/VA Tolls<br>PO Box 1234<br>Clifton Forge, VA 24422-0724 | Geico Choice Co<br>Region 7 Return Policy Work<br>PO Box 9520<br>Fredericksburg, VA 22403-9519 | Goldman Sachs Bank NA<br>PO Box 45400<br>Salt Lake City, UT 84145-0400 |
| MD Transp Authority<br>PO Box 12853<br>Philadelphia, PA 19176-0853 | (p)NJ EZPASS<br>ATTN ATTN NJ EZPASS/ JASMINE JENKINS<br>375 MCCARTER HIGHWAY<br>SUITE 200<br>NEWARK NJ 07114-2562 | Nancy Ho<br>119 Ave. F Fl. 2<br>Brooklyn, NY 11218-5601 |
| Navy Federal<br>PO Box 3100<br>Merrifield, VA 22119-3100 | Net Credit<br>175 W Jackson Blvd<br>Ste 1<br>Chicago, IL 60604-2863 | PAM VA DOT<br>PO Box 500<br>Horseheads, NY 14845-0500 |
| (p)PNC BANK RETAIL LENDING<br>P O BOX 94982<br>CLEVELAND OH 44101-4982 | Port Auth NY NJ<br>PO Box 15183<br>Albany, NY 12212-5183 | SFMC Community Assn Mgt<br>PO Box 66571<br>Phoenix, AZ 85082-6571 |
| Synchrony Bank<br>PO Box 4068<br>Greensboro, NC 27404-4068 | The Northstar Companies<br>4285 Genesee St<br>Cheektowaga, NY 14225-1943 | Transworld Systems<br>PO Box 15618<br>Wilmington, DE 19850-5618 |
| (p)U S  BANK<br>4801 FREDERICA STREET<br>OWENSBORO KY 42301-7441 | Daniel M. Press<br>Chung & Press, P.C.<br>6718 Whittier Ave., Suite 200<br>McLean, VA 22101-4531 | John Paul Pelaez<br>13631 Dulles Technology Dr<br>Herndon, VA 20171-6456 |

```
Matthew W. Cheney                          Thomas P. Gorman
Office of the U.S. Trustee - Region 4      Thomas P. Gorman, Chapter 13 Trustee
1725 Duke Street                           1414 Prince St.
Suite 650                                  Ste. 202
Alexandria, VA 22314-3489                  Alexandria, VA 22314-2853
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
American Honda Finance Corporation    NJ EZ Pass               (d)New Jersey Turnpike Authority
National Bankruptcy Center            PO Box 4971              Ramon de la Cruz, NJ Turnpike Authority
P.O. Box 168088                       Trenton, NJ 08650        1 Turnpike Plaza, P.O Box 5042
Irving, TX 75016-8088                                          Woodbridge, NJ 07095


PNC Bank                              U.S. Bank                (d)U.S. Bank National Association
PO Box 71335                          PO Box 21948             c/o U.S. Bank Home Mortgage,
Philadelphia, PA 19176                Eagan, MN 55121          a division of U.S. Bank N.A.
                                                               2800 Tamarack Road
                                                               Owensboro, Kentucky 42301


End of Label Matrix
Mailable recipients    31
Bypassed recipients     0
Total                  31
```